HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| H.N. BY AND THROUGH HER PARENTS AND GUARDIANS, JOHN DOE AND JANE DOE; AND JOHN DOE AND JANE DOE, HUSBAND AND WIFE, ON THEIR OWN BEHALF,<br><br>Plaintiffs,<br><br>v.<br><br>REGENCE BLUESHIELD, A WASHINGTON CORPORATION; AND MBA GROUP INSURANCE TRUST HEALTH AND WELFARE PLAN,<br><br>Defendants. | CASE NO. C15-1374 RAJ<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion for attorneys' fees (Dkt. # 53), motion establishing prejudgment interest and setting rate of interest (Dkt. # 55), and motion for nontaxable litigation expenses (Dkt. # 60). Defendants Regence Blueshield and MBA Group Insurance Trust Health And Welfare Plan (collectively "Defendants" or "Regence") oppose the motions. Dkt. ## 62, 66, 76.

ORDER- 1

## I. BACKGROUND

The facts of this case are detailed in the Court's prior orders. *See* Dkt. # 51. The Court will not reiterate those facts here. At issue is whether the Court should award Plaintiffs their attorneys fees and costs, and if so, how much the Court should award.

## II. DISCUSSION

### A. Plaintiffs were successful on the merits.

In an ERISA action, the Court has discretion to award reasonable attorneys' fees and costs to either party if the party seeking fees has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)); *see also* 29 U.S.C. § 1132(g)(1). However, a claimant does not satisfy this requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]." *Hardt*, 560 U.S. at 255. A claimant satisfies the *Hardt* standard "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt*, 560 U.S. at 255 (internal quotation marks omitted) (brackets omitted).

The Court finds that Plaintiffs were successful on the merits of their claims based on the Court's prior ruling, Dkt. # 51, and Defendants do not appear to dispute that Plaintiffs have met their burden under *Hardt*. Therefore, the Court may award attorney's fees and costs to Plaintiffs pursuant to 29 U.S.C. § 1132(g).

### B. *Hummell* Factors.

Having found that a claimant satisfies the *Hardt* standard, the Court must then consider the five factors outlined by the Ninth Circuit in *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), to determine whether to award reasonable attorneys' fees and costs. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors are:

  (1) the degree of the opposing parties' culpability or bad

| | |
|---|---|
| 1 | faith; (2) the ability of the opposing parties to satisfy an |
| 2 | award of fees; (3) whether an award of fees against the |
| 3 | opposing parties would deter others from acting under similar |
| 4 | circumstances; (4) whether the parties requesting fees sought |
| 5 | to benefit all participants and beneficiaries of an ERISA plan |
| 6 | or to resolve a significant legal question regarding ERISA; |
| 7 | and (5) the relative merits of the parties' positions. |

*Hummell*, 634 F.2d at 453. "The *Hummell* factors reflect a balancing and [the Court] need not find that each factor weighs in support of fees." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

When the Court applies these factors, it "must keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of protecting participants in employee benefit plans." *Id.* at 1172. The court also applies "a 'special circumstances' rule in which a successful ERISA participant should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id*. (quotations omitted).

First, the Court does not find that Regence acted in bad faith by denying coverage for care for the three treatment periods at issue. Though Regence was wrong to deny coverage for H.N.'s treatment, Plaintiffs did not establish that Regence had a pattern or practice of summarily denying similar claims. Moreover, Regence presented evidence that it had reviewed H.N.'s claim several times and denied it based on the MCG guidelines. The Court found this review process to be insufficient in light of other medical evidence and therefore an abuse of discretion, but the Court did not conclude that Regence acted in bad faith.

Second, there is no serious question whether Regence can satisfy a fee award without hardship.

Third, an award of fees would deter Regence and other plan administrators from displaying the same tunnel vision with regard to applying the MCG guidelines. *See Taylor v. Reliance Standard Life Ins. Co.*, No. C10-1317JLR, 2012 WL 113558, at *6 (W.D. Wash. Jan. 13, 2012) (citing *Sluimer v. Verity, Inc.*, No. C-08-1220, 2008 WL 5048434, at *3 (N.D. Cal. Nov. 24, 2008)). Similarly, an award of fees may deter Regence and other plan administrators from discounting treating physicians' opinions when the record indicates they know how best to treat suicidal patients. *Id.*

Fourth, Plaintiffs sought to benefit all plan participants by seeking a broad injunction. Even without the request for injunctive relief, Plaintiffs sought to benefit all plan participants by shedding light on issues resulting from instances of Regence's determined reliance on the MCG guidelines and disregard for treating physicians' credible opinions.

Finally, Plaintiffs succeeded in obtaining the most crucial relief they sought: coverage for H.N.'s stay at Menninger and New Haven. The Court does not find Plaintiffs' failure to obtain injunctive relief or failure to strike certain documents from the record to outweigh the success they had in obtaining the necessary coverage. Therefore, the balance of the *Hummell* factors weighs in favor of granting Plaintiffs attorneys' fees.

C. <u>Reasonable Amount of Attorneys' Fees and Costs</u>.

*1. Plaintiffs Are Not Entitled to Pre-Litigation Fees and Costs*

Plaintiffs seek to recover attorneys' fees incurred in the administrative process that preceded this litigation. Dkt. # 53 at 5. Plaintiffs recognize that such a request is contradictory to settled law but argue that the settled law is outdated and not conducive to modern ERISA actions. *Id.* at 5-7. The Court disagrees.

Plaintiffs acknowledge that *Cann v. Carpenter's Pension Trust Fund*, 989 F.2d 313 (9th Cir. 1993), undermines their position but contends that *Cann* is tone deaf to the current state of ERISA-related administrative proceedings. Plaintiffs claim that much has changed since that decision was issued in 1993.

In *Cann*, the Ninth Circuit interpreted § 1132(g)(1)'s use of the word "action" to mean "litigation in court." *Cann*, 989 F.2d at 316. The court relied on the ordinary meaning of the word, as well as the manner in which the term is used elsewhere in § 1132. *Id.* The court further explained that "Congress has, in various attorneys' fees statutes, specified which parts of the attorneys' work were subject to the English rule of fee shifting instead of the usual American rule." *Id.* In distinguishing the facts in *Cann* from seemingly similar Supreme Court precedent, the Ninth Circuit found that the ERISA administrative process—whereby claimants appear in front of private administrative bodies versus government agencies—as well as ERISA's purpose to promote "the soundness and stability of plans with respect to adequate funds to pay promised benefits" led to the inevitable conclusion that courts may not award pre-litigation attorneys' fees in this context. *Id.* at 317 (citing 29 U.S.C. § 1001(a)).

Little has changed since *Cann*. *See Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 854-55 (1992) (setting forth factors a court may analyze to decide whether to overturn prior precedent, including "whether related principles of law have so far developed as to have left the old rule no more than a remnant of abandoned doctrine . . . ."). The Court appreciates Plaintiffs' zealous advocacy, but nonetheless finds their arguments to be more appropriately directed to Congress. The Court's duty is to interpret the law, not legislate it. The Court therefore rejects Plaintiffs' invitation to overrule *Cann*.

*2. Litigation Fees and Costs*

Both parties agree that the proper way for the Court to determine Plaintiffs' attorneys' fees and costs is by using the Lodestar Method. Dkt. ## 53 at 7, 62 at 10. To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990); *Bowers v. Transamerica Title Ins. Co.*,

100 Wash. 2d 581, 597 (1983). The hours reasonably expended must be spent on claims having a "common core of facts and related legal theories." *Martinez v. City of Tacoma,* 81 Wash. App. 228, 242–43 (1996); *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003). The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers,* 100 Wash. 2d at 597, 600. The Court may adjust the lodestar calculation "up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not *already* been taken into account in computing the 'lodestar' and which are shown to warrant the adjustment by the party proposing it." *Id.* at 594 (citing *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982)) (emphasis in original); *see also Chalmers*, 796 F.2d at 1212.

Regence does not dispute Plaintiffs' attorneys' hourly rates, and the Court finds these rates to be reasonable. Regence does, however, dispute the attorneys' ability to recoup fees and costs associated with Plaintiffs' unsuccessful claims for injunctive relief and arguments related to the enforceability of Regence's "Allowed Amount" provision. Regence argues that such claims and arguments were "factually and legally distinct" from Plaintiffs' claims for coverage. Dkt. # 62 at 11-12. The Court disagrees in part, finding that Plaintiffs' attorneys' time spent on the claims for injunctive relief was related to their work on the successful claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1933). But the Court does not find that Plaintiffs' arguments against enforcing Regence's "Allowed Amount" provision were related to the claims for coverage, and Plaintiffs did not achieve "a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002)). The Court will therefore reduce the fees based on this finding.

The Court will award Plaintiffs' attorneys' fees associated with drafting and filing their motions for fees and prejudgment interest. However, the Court is concerned with the amount of fees sought in association with the reply briefing. Reply briefs may not contain new arguments; most of the research and persuasive drafting is completed at the time the initial motions are filed. The Court is hesitant to award more fees with regard to reply briefing than it would for the initial motions.

Having reviewed Plaintiffs' attorneys' fees and costs request and related bills, the Court finds the following fee award reasonable:

- $0.00 for attorneys' fees incurred in the administrative process;
- $54,953.70 for attorneys' fees and costs associated with the litigation; and
- $15,445.25 for attorneys' fees and costs associated with preparing the briefing for fees and interest.

D. Prejudgment Interest

Plaintiffs ask the Court to award prejudgment interest at the rate of 14% per annum. Dkt. # 55. Regence does not oppose Plaintiffs' request for prejudgment interest, generally, but strongly opposes any deviation from the rate set under 28 U.S.C. § 1961. Dkt. # 66. Courts may deviate from the rate set forth in § 1961 if there is substantial evidence "that the equities of that particular case require a different rate." *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 628 (9th Cir. 2007). However, courts must keep in mind that "[p]rejudgment interest is an element of compensation, not a penalty." *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001).

In *Blankenship*, the district court found that the plaintiff "was forced to replace the $6,093.82 per month he would have received with his own personal funds." *Blankenship*, 486 F.3d at 628. Because those personal funds would have grown in a mutual fund, the district court determined that a 10.01% interest rate was necessary to "adequately compensate [the plaintiff] for [the insurance company's] wrongful nonpayment of

benefits . . . ." *Id.* The Ninth Circuit affirmed the district court's decision, finding that it had substantial evidence to justify a deviation from the rate set forth under § 1961.

This Court reaches a similar conclusion in the instant matter. Plaintiffs withdrew funds from their retirement investment account, or used funds that would have been deposited into that account, to pay for H.N.'s medical treatment. Dkt. # 56 (Decl. Jane Doe) at ¶ 7. Plaintiffs had maintained the account for several years prior to H.N.'s treatment, and continue to maintain the account today. *Id.* Plaintiffs may have been responsible for paying the entirety of H.N.'s medical bills upfront, but Regence should have timely reimbursed them for an Allowed Amount. Though the timing of this case is different than *Blankenship*—there the plaintiff may have expected Liberty to pay upfront rather than reimburse him later—the outcome remains the same. That is, Regence prevented Plaintiffs from continuing to grow their retirement investment account as they had been doing for years. Accordingly, to properly reimburse them, the Court will award an interest rate higher than the one set forth in § 1961.

The Court finds substantial evidence justifying an upward departure from the interest rate prescribed by § 1961 but does not find enough evidence to substantiate Plaintiffs' request for a 14% interest rate. Moreover, Plaintiffs do not submit evidence showing that the proper rate of interest is 9.4%. Plaintiffs direct the Court to a website that purportedly allows for such a calculation. The Court reviewed the website but was unable to certify that 9.4% was actually the average rate of growth from June 2013 to December 2016. Even if the website corroborated Plaintiffs' contentions, Plaintiffs fail to offer evidence—in the form of declarations, exhibits, or otherwise—that 9.4% was the accurate rate of growth during the time period. Instead, the Court finds that the proper prejudgment interest rate is 6.94%. This is the average annual return reported by Vanguard for the Windsor II Fund from December 2013 to December 2016. Dkt. # 67-1 (Decl. Marisseau) at 5. Accordingly, the Court awards Plaintiffs prejudgment interest at the rate of 6.94% per annum.

E. Nontaxable Litigation Expenses

Plaintiffs may recover the cost of mediation if it is "the prevailing practice in a given community for lawyers to bill those costs separately from their hourly rates." *Trustees of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006) (internal citations and quotations omitted). Many courts within the Ninth Circuit agree that mediation costs are generally billed to clients separately and therefore recoverable in a motion for attorneys' fees. *See Leetzow v. Metro. Life Ins. Co.*, No. EDCV152468VAPKKX, 2017 WL 1231719, at *3 (C.D. Cal. Mar. 3, 2017) (collecting authority). This Court finds support for the contention that lawyers in this community bill their clients separately for the cost of mediation. Regence does not argue otherwise.

Plaintiffs may recover the $2,500 cost of mediation. Dkt. # 60. Plaintiffs further clarified that this cost was included in their request for attorneys' fees and costs. Dkt. ## 80, 82. The Court previously ruled on the motion for attorneys' fees and costs, see above, and did not subtract the $2,500 mediation fee from the total reward. That total remains intact and includes this $2,500 expense.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES** in part Plaintiffs' motions. Dkt. ## 53, 55, 60. Defendants must pay the fees and costs outlined above within thirty (30) days of the date of this Order.

Dated this 15th day of June, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER- 9