|   |   |   |
|---|---|---|
| | | THE HONORABLE RICHARD A. JONES |

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| H.N., by and through her parents and guardians, John Doe and Jane Doe; and JOHN DOE and JANE DOE, husband and wife, on their own behalf,<br><br>    Plaintiffs,<br><br>    v.<br><br>REGENCE BLUESHIELD, a Washington Corporation; and MBA GROUP INSURANCE TRUST HEALTH AND WELFARE PLAN,<br><br>    Defendants. | Case No.: 15-cv-1374 RAJ<br><br>**ORDER** |

    This matter comes before the Court on Plaintiffs' Motion for Order Requiring Regence To Pay Correct Amount of Prejudgment Interest. Dkt. # 85. Defendants oppose the motion. Dkt. # 90.

    The parties dispute the accrual date for prejudgment interest in this case. *See generally* Dkt. ## 85, 90. Plaintiffs seek prejudgment interest beginning thirty days after they made each payment to a provider. Dkt. # 85 at 10. Defendants counter that

ORDER - 1

prejudgment interest accrued after Plaintiffs exhausted their administrative remedies. Dkt. # 90 at 3. The Court finds both theories unsound.

The Ninth Circuit has not ruled on this specific issue. Nonetheless, persuasive authority suggests that prejudgment interest should accrue once a fiduciary denies a participant benefits within the time limits of the policy, which will likely occur after the fiduciary has conducted a reasonable investigation. The Court adopts such an approach. *See Cottrill v. Sparrow, Johnson & Ursillo, Inc.*, 100 F.3d 220, 223 (1st Cir. 1996), *abrogated by Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010) ("Ordinarily, a cause of action under ERISA and prejudgment interest on a plan participant's claim both accrue when a fiduciary denies a participant benefits."); *Nichols v. Unum Life Ins. Co. of Am.*, 287 F. Supp. 2d 1088, 1094 (N.D. Cal. 2003) (finding that prejudgment interest accrued after Defendant's initial investigation, which was reasonable under the specific circumstances of the case); *see also Lee v. Sun Life Assur. Co. of Canada*, No. CV-08-140-ST, 2010 WL 2231943, at *8 (D. Or. Apr. 1, 2010), *report and recommendation adopted as modified sub nom. Lee v. Sun Life Assur. of Canada*, No. CV 08-140-ST, 2010 WL 2219344 (D. Or. May 27, 2010) (adopting *Nichols* and finding that the "Policy in this case required [Defendant] to send a written notice of decision on a claim 'within a reasonable time after [Defendant] receives the claim but not later than 45 days after receipt of the claim,' unless it requests 'extensions of time' which specifically explains why more time is needed. . . . Lee was entitled to a decision on her claim within 45 days after Defendant received the claim.") (citations omitted).

Plaintiffs' policy states that Regence will notify participants whether a claim is approved or denied within thirty days of receiving the claim. Dkt. # 85 at 10. Upon receiving Plaintiffs' claims for coverage, Regence took the necessary time within the policy to make a determination on the claims, which in this case was less than thirty days from the date that Regence received Plaintiffs' claims. *Id.* Based on the circumstances of this case, the Court finds that prejudgment interest accrued at the time that Regence denied Plaintiffs' claims. This approach prevents Plaintiffs from being deprived of compensation while also affording Defendants time to conduct a reasonable investigation on Plaintiffs' claims.

Plaintiff is entitled to postjudgment interest on the award for prejudgment interest. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586 (6th Cir. 2002).

Dated this 26th day of June, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge