UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| H.N. BY AND THROUGH HER PARENTS AND GUARDIANS, JOHN DOE AND JANE DOE; AND JOHN DOE AND JANE DOE, HUSBAND AND WIFE, ON THEIR OWN BEHALF, | CASE NO. C15-1374 RAJ  ORDER |
| Plaintiffs, | |
| v. | |
| REGENCE BLUESHIELD, A WASHINGTON CORPORATION; AND MBA GROUP INSURANCE TRUST HEALTH AND WELFARE PLAN, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees Incurred in Obtaining Full Payment of Prejudgment Interest Owed by Regence ("Motion"). Dkt. # 87. Defendants Regence Blueshield and MBA Group Insurance Trust Health And Welfare Plan (collectively "Defendants" or "Regence") oppose the

Motion.  Dkt. ## 62, 66, 76.  For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion.

## I.    BACKGROUND

The facts of this case are detailed in the Court's prior orders.  *See* Dkt. # 51.  The Court will not reiterate those facts here.

On June 15, 2017, this Court ruled that Plaintiffs were entitled to "attorneys' fees associated with drafting and filing their motions for fees and prejudgment interest."  Dkt. # 83 at 7.  The Court ordered Regence to pay prejudgment interest at the rate of 6.94% per annum.  *Id.* at 8.

The parties later disputed the accrual date for prejudgment interest.  In April 2018, Plaintiffs filed a Motion for Order Requiring Regence to Pay Correct Amount of Prejudgment Interest ("Prejudgment Interest Motion").  Dkt. # 97.  Plaintiffs argued that the accrual date began thirty days after they made each payment to a provider.  Dkt. # 85 at 10.  Defendants contested that the accrual date was the day Plaintiffs exhausted their administrative remedies, which was April 25, 2015.  Dkt. # 90 at 3, 6.  On June 26, 2018, this Court ruled that Regence must pay prejudgment interest starting from the time that Regence denied Plaintiffs' claims, which occurred in 2013.[1]  Dkt. # 97 at 3.  The Court also awarded postjudgment interest on the award for prejudgment interest.  *Id.*

At issue is whether the Court should award Plaintiffs their attorneys' fees and costs associated with the Prejudgment Interest Motion, and if so, how much the Court should award.

## II.    DISCUSSION

A. Plaintiffs Are Entitled to Attorneys' Fees and Costs.

In an ERISA action, the Court has discretion to award reasonable attorneys' fees

---

[1] *See, e.g.*, Dkt. # 51, at 8.

and costs to either party if the party seeking fees has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)); *see also* 29 U.S.C. § 1132(g)(1). However, a claimant does not satisfy this requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]." *Hardt*, 560 U.S. at 255. A claimant satisfies the *Hardt* standard "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was 'substantial' or occurred on a 'central issue.'" *Hardt*, 560 U.S. at 255 (internal quotation marks omitted) (brackets omitted).

Defendant contests that Plaintiffs are not entitled to any attorneys' fees because their Prejudgment Interest Motion was not an "action" under subchapter 29 U.S.C. §1132(g)(1). Dkt. # 92 at 2. The Court disagrees. Plaintiffs' Prejudgment Interest Motion is a continuation of Plaintiffs' current action and its previous Motion for Attorneys Fees, both of which were proper under 29 U.S.C. §1132(g)(1). The Court already ruled that Regence was required to pay Plaintiffs prejudgment interest, and that Plaintiffs were entitled to fees associated with related motions. Dkt. # 83 at 7-9. The Court finds that Plaintiffs were successful on the merits of their claims based on the Court's prior ruling, when this Court ruled that it would "award Plaintiffs' attorneys' fees associated with drafting and filing their motions for fees and prejudgment interest." Dkt. # 83 at 7.

Plaintiffs' current Motion is thus directed toward relief that was already awarded. The Court does not agree with Defendants that Plaintiffs are bringing a new "action" by

filing the Prejudgment Interest Motion.[2]  Rather, Plaintiffs are proceeding under the same

action in attempting to collect the full amount of fees and costs they are due under 29

U.S.C. §1132(g)(1).  The Court is unaware of any provision in 29 U.S.C. §1132(g)(1)

that disallows multiple fee petitions in a single action, especially in situations where a

party fails to pay the full amount previously ordered by the Court.

Even if this Court had analyzed Plaintiffs' motion as a new action, the Court

would still conclude that Plaintiffs had achieved "some degree of success on the merits"

of its Prejudgment Interest Motion.  Plaintiff's Prejudgment Interest Motion sought to

address Defendants' underpayment of prejudgment interest, which Regence asserted did

not begin accruing until April 25, 2015, when Plaintiffs exhausted their administrative

remedies.  The Court determined that the prejudgment interest should have accrued much

sooner than this, when Regence denied coverage.  Dkt. # 97.  Although the Court did not

set the accrual date as far back as Plaintiffs requested, the true accrual date was much

closer in time to Plaintiffs' proposed date than Regence's proposed date.  Plaintiff

achieved "some degree of success" by this Court's ruling that they were entitled to more

prejudgment interest than what Regence paid.

Therefore, the Court finds, again, that Plaintiffs are entitled to attorney's fees

pursuant to 29 U.S.C. § 1132(g).  Generally, having found that a claimant satisfies the

---

[2] Defendants find little legal support for their argument.  Defendants attempt to analogize the present situation to *San Francisco Culinary, Bartenders & Serv. Employees Welfare Fund v. Lucin*, 76 F.3d 295 (9th Cir. 1996).  This case is inapplicable.  In *Lucin*, the Ninth Circuit ruled that "in a case in which the propriety of awarding attorneys' fees against ERISA plaintiffs has been ruled upon previously by both the district court and this court, with both courts denying such fees, a subsequent award of the fees pursuant to a state statutory provision must be deemed to conflict with ERISA and be preempted as a matter of law." *Lucin*, 76 F.3d at 297.  The Ninth Circuit ruled in *Lucin* that in an ERISA action, a party could not escape a denial of attorneys' fees under 29 U.S.C. §1132(g)(1) by relying on state law provisions allowing for attorneys' fees incurred fighting a wrongful attachment. *Id*. at 297-98.  The present case faces no such attachment or preemption issue, and Plaintiffs do not rely on any other law in seeking attorneys' fees.

*Hardt* standard, the Court must then consider the five factors outlined by the Ninth

Circuit in *Hummell v. S. E. Rykoff & Co*., 634 F.2d 446 (9th Cir. 1980), to determine

whether to award reasonable attorneys' fees and costs. *Simonia v. Glendale*

*Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010). Those factors are:

> (1) the degree of the opposing parties' culpability or bad
> faith; (2) the ability of the opposing parties to satisfy an
> award of fees; (3) whether an award of fees against the
> opposing parties would deter others from acting under similar
> circumstances; (4) whether the parties requesting fees sought
> to benefit all participants and beneficiaries of an ERISA plan
> or to resolve a significant legal question regarding ERISA;
> and (5) the relative merits of the parties' positions.

*Hummell*, 634 F.2d at 453. "The *Hummell* factors reflect a balancing and [the Court]

need not find that each factor weighs in support of fees." *McElwaine v. US W., Inc*., 176

F.3d 1167, 1173 (9th Cir. 1999).

     The Court believes that the present Motion is, in essence, a continuation of

Plaintiff's previous Motion for Attorney Fees, for which the Court has already provided a

*Hummel* analysis. Dkt. # 83 at 2-4. However, even if the Court treated Plaintiff's current

Motion as a new action, it would reach the same conclusion. The Court would again find

that Regence did not act in bad faith in asserting a different accrual date, given the

uncertainty in the law. *Id*. The Court would again find that Regence could pay the fee

without hardship, and that an award of fees would deter Regence and others from

wrongfully withholding prejudgment interest based on an improper accrual date. *Id*. The

Court would also find that Plaintiffs sought to benefit all plan participants by seeking to

resolve the legal question regarding the correct accrual date for prejudgment interest, and

that Plaintiff's position had more merit than Defendant's. Dkt. # 97. Therefore, the

balance of the *Hummell* factors again weighs in favor of granting Plaintiffs attorneys'

fees.

B. <u>Reasonable Amount of Attorneys' Fees and Costs</u>.

Attorney fees under § 1132(g)(1) are calculated using a hybrid lodestar / multiplier approach. *McElwaine v. US West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). The hours reasonably expended must be spent on claims having a "common core of facts or are based on related legal theories." *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003) (emphasis and internal citations omitted). The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). The Court may adjust the lodestar calculation up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the "lodestar" and which are shown to warrant the adjustment by the party proposing it. *Chalmers*, 796 F.2d at 1212.

In the previous Motion for Attorney Fees, Regence did not dispute Plaintiffs' attorneys' hourly rates, which are identical in the present Motion. Dkt. # 83. Regence also does not dispute the hourly rates in the present Motion. Dkt. # 92. As the Court already determined, the rates for attorneys T. Jeffrey Keane ($335/hour), Christopher W. Moore ($275/hour) and paralegal Donna Pucel ($145/hour) are reasonable. Dkt. # 83 at 6.

Plaintiffs thus request $10,861.25 in attorneys fees ($7,738.75 for the initial Motion and $3,122.50 on Reply). Dkt. ## 87, 88, 95, 96. Regence has some objections to Plaintiffs' claimed fees. First, Regence argues that Plaintiff included "significant argument, facts and multiple exhibits relating to the calculation of the Allowed Amount,"

which Regence argues has "no relevance to the accrual period." Dkt. # 92 at 3. While the Court is theoretically sympathetic to this argument, given the Court's previous rejection of fees related to the enforceability of the "Allowed Amount" provision (Dkt. # 83 at 6), Regence does not identify any specific time entries that are objectionable on this basis. The Court has reviewed Plaintiff's time entries, and cannot find any mention of the "Allowed Amount" provision. Without more evidence showing that Plaintiffs' counsel spent an improper amount of time on an unrelated issue, the Court will not permit a reduction on this basis.

Regence next objects that Plaintiffs cannot collect fees reflecting secretarial or clerical tasks. Dkt. # 92 at 4. This objection has some merit. "[T]ime spent on clerical activities is not recoverable in attorney's fees." *Johnson v. Georgia-Pac. Corp.*, No. C04-1463RSM, 2009 WL 3190343, at *2 (W.D. Wash. Sept. 30, 2009)(citing *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir.1992)); *see also Deocampo v. Potts*, No. CV 06-1283-WBS, 2014 WL 788429, at *6 (E.D. Cal. Feb. 25, 2014) ("Time spent on tasks like calendaring deadlines, confirming papers were filed, organizing files, and electronically filing documents is not properly billable."); *U.S. v. $1,026.781.61 in Funds from Fla. Capital Bank*, No. CV 09-04381-MLG, 2013 WL 781926, at *3 (C.D. Cal. Mar. 1, 2013) ("Activities that can be classified as secretarial or clerical in nature generally cannot be recovered as attorney's fees under the lodestar methodology."). Regence identifies many hours billed by Ms. Pucel that reflect clerical tasks such as "edits to motion" and "scan certain exhibits." Dkt. # 92 at 4. While the Court believes that the work of Ms. Pucell is important, necessary, and by all accounts exemplary, the Court agrees with Regence that these entries do not reflect compensable legal work. The Court will accordingly reduce Plaintiffs' award by $1,522.50 ($1,377.50 for the Motion and $145 on Reply).

Regence also objects that Plaintiffs spent an unreasonable amount of time preparing the Prejudgment Interest Motion and the present Motion. Dkt. # 92 at 3-4. The

Court agrees with Regence that Plaintiff's fee request of over forty hours does not reflect a reasonable time spent researching and briefing a relatively simple legal issue: the correct accrual date for prejudgment interest. Regence notes that Plaintiff's time entries Regence notes that Plaintiff's counsel, for instance, spent "over 9 hours . . . researching the general principle that where a court does not specific [sic] time for performance, a reasonable time should apply." Dkt. # 92 at 3-4. The Court agrees that Plaintiff's Prejudgment Interest Motion reflects is bloated and did not warrant over 100 pages of additional briefing and exhibits. Dkt. ## 85, 86, 93, 94. The Court accordingly believes a reduction of Plaintiff's fee award by 25% is reasonable.

Finally, Regence claims that Plaintiffs' entries reflect the disfavored practice of "block billing" and should be excluded wholesale. Dkt. # 92 at 4. The Court disagrees. While the Ninth Circuit has endorsed a district court's reduction of block billing, *see, e.g., Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), this Court finds that Plaintiff's counsel's entries "cover relatively limited amounts of time and give sufficient information for the Court to assess the nature of the work done." *See McEuen v. Riverview Bancorp, Inc.*, 2014 WL 2197851 at *6 (W.D. Wash. May 27, 2014). The Court will not reduce the number of hours for alleged "block billing."

Having reviewed Plaintiffs' attorneys' fees and costs request and related bills, the Court finds that Plaintiffs are entitled to a reasonable fee award of **$7,004.06** ($10,861.25 in requested fees less $1,522.50 in clerical tasks, and further reduced by 25%).

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES** in part Plaintiffs' Motion.  Dkt. # 87.  Defendants must pay the fees and costs outlined above within thirty (30) days of the date of this Order.

Dated this 13th day of August, 2018.

The Honorable Richard A. Jones
United States District Judge